[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of the plaintiff's employment as a CT Page 5572 construction manager on a residential subdivision being developed by the defendant partnership.
The complaint contains five counts. Count one addresses claims arising pursuant to a contract for the construction of a house on lot 1 of the defendants' Wolcott Woods Subdivision. Counts two and three seek to recover on oral contracts for the construction management on respectively lots 14 and 12 of defendant's subdivision.
Count four asserts an oral contract for the plaintiff's management of construction on 14 more of the defendant's lots.
Count five claims Connecticut Unfair Trade Practices Act Section 42-10a et seq. (CUTPA) against the defendant for its practices in pursuing the development project.
COUNT ONE
The contract between the parties (Exhibit #1) required plaintiff to accomplish the construction of a "complete house for Lot #1". The exception to his responsibilities were as to "site work, septic system, well, foundation and poured concrete floor".
The plaintiff under the contract (Exhibits #1 and 3) would receive the difference between costs of completing the house and his contract price. The defendant established that it paid more than the contract price to complete the house on lot #1.
The plaintiff claimed but failed to prove that defendant was limited to projected costs (Exhibit #2) in calculating construction costs against the contract price. It was not proven that defendant ever agreed to such an arrangement, which is inconsistent with its express contract (Exhibit #1).
Plaintiff was paid $5,000 for his construction management work on lot #1; he has not demonstrated his entitlement to any further payments for such work.
COUNTS TWO AND THREE
The parties during the course of their work on lot #1 agreed orally that plaintiff would manage other construction for $5,000 a house.
Construction commenced on lot #14 and then lot #12. At some time prior to the completion of lot #14 and with lot #12 framed; plaintiff was discharged from further working on the project.
Defendant terminated the arrangement because of concerns with CT Page 5573 the quality of plaintiff's supervision and work; as well as concerns with his availability and contribution to the work.
The court finds that plaintiff substantially performed his obligations for work on lot #14, but failed to substantially perform his work on lot #12.
Plaintiff was paid $2,500 for lot #14 work, and should recover the $2,500 balance due pursuant to such contract.
Plaintiff performed only a small amount of work on lot #12.
FOURTH COUNT
The plaintiff failed to prove the existence of a contractual commitment by the defendant to exclusively use plaintiff for the construction of all other houses in the subdivision. The representations by defendant as to plaintiff's supervision of construction on other lots was "neither sufficiently promissory nor sufficiently definite to support contractual liability". D'Alisse Cupo v. Bd. of Directors Notre Dame High School,202 Conn. 206, 214 (1987).
FIFTH COUNT
The plaintiff failed to meet its burden of proving that defendant engaged in any unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade and/or business.
Count One — Judgment for defendant.
Count Two — Judgment for plaintiff in the amount of $2,500.
Count Three — Judgment for defendant.
Count Four — Judgment for defendant.
Count Five — Judgment for defendant.
No costs or interest are awarded to either party.
McWEENY, J. CT Page 5574
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5575
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5576
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5577
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5578
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5579
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5580
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5581
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5582
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5583
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5584
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5585
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5586
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5587
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5588
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5589